# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES-GENERAL

Case No. __CV 15-2797-GHK (PLA)__     Date __April 21, 2015__

Title:  __Alvilen Duke v. David Long__

---

PRESENT: THE HONORABLE __PAUL L. ABRAMS__        ☐ U.S. DISTRICT JUDGE
                                                 ☒ MAGISTRATE JUDGE

| __Christianna Howard__ | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PETITIONER:**      **ATTORNEYS PRESENT FOR RESPONDENT:**
              NONE                                           NONE

**PROCEEDINGS:**     ( IN CHAMBERS)

On April 16, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."), accompanied by a Memorandum of Points and Authorities and exhibits ("P&A").  Petitioner is challenging his conviction by a Los Angeles Superior Court jury for violation of California Penal Code section 273.5, in case number BA394774.  (Pet. at 2).[1]

Petitioner, who represented himself at trial, raises seven claims in the Petition:  (1) the appointed private investigator rendered ineffective assistance; (2) the prosecution failed to disclose evidence favorable to petitioner; (3) the trial court abused its discretion at sentencing; (4) newly discovered evidence demonstrates that a witness was lying; (5) the trial court abused its discretion when it failed to allow petitioner a "wide scope of cross-examination"; (6) petitioner is factually innocent; and (7) appellate counsel was ineffective for failing to raise federal constitutional violations on appeal.  (Pet. at 5-7).

The Court notes that on February 11, 2014, petitioner previously filed a habeas petition in this Court in case number CV 14-1055-GHK (PLA) ("CV 14-1055").  The petition in that case appeared to raise only the first three claims raised in the instant Petition, and included a request to supplement the petition. (Case No. CV 14-1055, Dkt. No. 1).  On February 20, 2014, the Court ordered petitioner to show cause why the petition should not be dismissed as unexhausted, to which petitioner filed a response on March 17, 2014, arguing that he was relying on the "deliberate bypass standard" to get around the requirement to exhaust.  (Case No. CV 14-1055, Dkt. Nos. 3, 5 at 1-2).  On March 21, 2014, the District Judge dismissed the petition with leave to amend based on petitioner's failure to previously exhaust his claims in state court.  (Case No. CV 14-1055, Dkt. No. 5).

---

[1]    For ease of reference, the Court uses the ECF-generated page numbers in referring to the Petition.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented *to the state supreme court* even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

The Petition herein is confusing and contradictory with regard to the issue of whether petitioner has previously raised any of his seven claims to the California Supreme Court. First, for each of his asserted claims, petitioner indicated that he has *not* exhausted those claims in the California Supreme Court by checking the "No" box to the question, "Did you raise this claim in a habeas petition to the California Supreme Court." (Pet. at 5-7). With respect to his third claim, petitioner also indicated that he had raised the issue on direct appeal to the California Court of Appeal but not to the California Supreme Court. (Pet. at 6). However, when detailing elsewhere in the Petition the claims he had raised in his direct appeal to the California Court of Appeal and in his petition for review to the California Supreme Court, petitioner indicated he had raised the issue of the improper exclusion of impeachment evidence, which appears to be related to petitioner's second claim herein. (Pet. at 2-3; P&A at 22-33). Once again, therefore, as with the petition in case number CV 14-1055, it appears that petitioner has not exhausted his claims to the California Supreme Court and the Petition appears to be partially or fully unexhausted. See, e.g., 28 U.S.C. § 2254(b)(1)(A).

Accordingly, **no later than May 19, 2015**, petitioner is **ordered** to show cause why the Petition should not be dismissed as a fully or partially unexhausted petition. To avoid dismissal, petitioner must file proof with this Court **on or before May 19, 2015,** that **each of his seven grounds for relief herein has previously been presented to the California Supreme Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising each of those claims to the California Supreme Court**. Filing of such proof shall be deemed compliance with this Order to Show Cause.

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in a recommendation that the Petition be dismissed as unexhausted, and for failure to prosecute and follow Court orders.**[2]

cc:     Alvilen Duke, pro se

Initials of Deputy Clerk __ch__

---

[2]    Petitioner is advised that **the filing of a petition for federal habeas corpus relief does not toll the AEDPA's statute of limitations**.  Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).