UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ALVILEN DUKE,<br><br>    Petitioner,<br><br>v.<br><br>DAVID LONG, Warden,<br><br>    Respondent. | No. CV 15-2797-GHK (PLA)<br><br>**ORDER RE VOLUNTARY DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)(1)** |

I.

**BACKGROUND**

On April 16, 2015, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges petitioner's conviction in the Los Angeles County Superior Court in case number BA394774.[1] (Pet. at 2).

On April 21, 2015, after explaining the requirement to exhaust and concluding that it appeared petitioner had not exhausted his claims in the California Supreme Court and that the

---

[1] The Court notes that on February 11, 2014, petitioner previously filed a habeas petition in this Court in case number CV 14-1055-GHK (PLA). On March 21, 2014, the Court dismissed that petition with leave to amend based on petitioner's failure to previously exhaust his claims in state court. (Case No. CV 14-1055-GHK (PLA), Dkt. No. 5).

Petition was either fully or partially unexhausted, the Magistrate Judge issued an order requiring petitioner to show cause, no later than May 19, 2015, why the Petition should not be dismissed as a fully or partially exhausted petition.[2] (Dkt. No. 3). The Magistrate Judge advised petitioner that his failure to timely file a response to the Order to Show Cause would result in a recommendation that the Petition be dismissed as unexhausted, and for failure to prosecute and follow court orders. (Dkt. No. 3 at 3). The Magistrate Judge also advised petitioner that the filing of a petition for federal habeas corpus relief does not toll the AEDPA's statute of limitations. (Dkt. No. 3 at 3 n.3 (citing Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001)). On June 12, 2015, petitioner filed a document requesting the Court to "withdraw this case." ("Request"). (Dkt. No. 15).

## II.

## DISCUSSION

In the Request, petitioner states that he has forwarded a habeas petition to the California Supreme Court, and "would like to respectfully withdraw this case from you[r] court, and give the State an opportunity to answer the 8 grounds -- 90 pages." (Request at 1). The Court construes this document as a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a plaintiff (or a petitioner)[3] without prejudice and without a court order before the opposing party serves either an

---

[2] After receiving two extensions of time to respond to the Order to Show Cause, petitioner's response was currently due no later than July 23, 2015. (Dkt. Nos. 7, 8, 14, 15).

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. (continued...)

2

answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

Accordingly, based on petitioner's Request, the Court finds that dismissal of the Petition is warranted.

### III.

### ORDER

As Rule 41(a)(1) of the Federal Rules of Civil Procedure permits petitioner to dismiss the action even without a court order since no answer has been served, the Court hereby dismisses the Petition without prejudice.

DATED: 6/18/15

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE

---

[3](...continued)
1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.